JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:  (415) 436-7004
    Facsimile:   (415) 436-6753
    E-mail: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-00032 CRB |
|             Plaintiff, | ) | **[PROPOSED]** |
| | ) | **ORDER OF DETENTION** |
|       v. | ) | **PENDING TRIAL** |
| | ) | |
| DEMAURIAE NOLAN, | ) | |
|             Defendant. | ) | |

      This matter came before the Court on January 22, 2009, for a detention hearing. The defendant, Demauriae Nolan, was present and represented by David J. Cohen of Bay Area Criminal Lawyers, PC. Assistant United States Attorney Drew Caputo appeared for the United States.

      Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and defendant opposed. Proffers and arguments regarding detention were

submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of defendant as required.  The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.  Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions of release will reasonably assure the appearance of defendant.  First, defendant has violated his conditions of parole or probation in the past and thus has shown an unwillingness or inability to comply with conditions of supervision.  Second, defendant's extensive criminal record includes a series of bench warrants for failing to appear and for being a fugitive from justice.  Third, there is evidence that defendant fled from the police when they sought to arrest him for the offense charged in the indictment.  Fourth, in part because defendant elected not to be interviewed by pretrial services, there is no evidence that defendant has a stable employment history.  For these reasons, the Court deems defendant to present a risk of flight that cannot be mitigated adequately by conditions of release.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community. First, defendant has a lengthy criminal record that includes a recent conviction for possession of cocaine base for sale and a 2003 state conviction for the same offense charged in this case, being a felon in possession of a firearm.  Second, the circumstances of his instant arrest display substantial evidence that defendant poses a danger to the community.  In particular, there is evidence that defendant possessed a loaded firearm, fled from the police while driving at high

1   speeds in a residential neighborhood, and crashed his vehicle in that same residential
2   neighborhood as he sought to evade and elude the police.  Third, defendant's history of probation
3   and parole violations gives rise to concerns about community safety.  For these reasons, the
4   Court deems defendant to present a risk of danger to other persons and the community that
5   cannot be mitigated adequately by conditions of release.
6          Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
7          1.      Defendant be, and hereby is, committed to the custody of the Attorney General for
8   confinement in a corrections facility separate, to the extent practicable, from persons awaiting or
9   serving sentences or being held in custody pending appeal;
10         2.      Defendant be afforded reasonable opportunity for private consultation with his
11  counsel; and
12         3.      On order of a court of the United States or on request of an attorney for the
13  government, the person in charge of the corrections facility in which defendant is confined shall
14  deliver defendant to an authorized deputy United States marshal for the purpose of any
15  appearance in connection with a court proceeding.

17  Dated:   1/27/09

HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge



IT IS SO ORDERED
Judge Elizabeth D. Laporte